STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
SHINING J. HSU (CABN 317917)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7022
    FAX: (415) 436-6570
    Shining.Hsu@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 16-CR-0043 HSG |
| Plaintiff, | **WRIT OF EXECUTION** |
| v. | [Property Address: 14577 Camenzind Ct., Chico, CA] |
| CELIA NIPPER, | |
| Defendant. | |

TO: THE UNITED STATES MARSHAL:

Celia Nipper, Debtor, is indebted to the United States in the amount of $2,515,490.58, plus post-judgment interest of 2.31%, as of March 25, 2021, on account of an amended criminal judgment entered on May 8, 2018, in the United States District Court for the Northern District of California in the above-captioned matter. The United States also seeks the ten percent (10%) litigation surcharge of the unpaid restitution ($251,549.06) authorized pursuant to 28 U.S.C. § 3011(a). Thus, the total amount sought by this writ is $2,767,039.64. Celia Nipper's last known address is 205 MacArthur Blvd, Oakland, CA 94610.

YOU ARE HEREBY COMMANDED to proceed without delay to satisfy the judgment by

1 levying on and selling property in which the defendant has a substantial nonexempt interest, but not to
2 exceed property reasonably equivalent in value to the aggregate amount of the judgment, costs, and
3 interests, and by executing upon property of the defendant including, but not limited to Celia Nipper's
4 interest in real property held in legal title in the name of Kasey Nipper as Celia Nipper's nominee and
5 located at:

6 **Assessor's Parcel Number 047-220-100**
7 **and commonly known as**
**14577 Camenzind Court**
8 **Chico, CA 95973**
**(the "Subject Property")**
9

10 28 U.S.C. § 3203(c)(2)(B).
11       You shall conduct the execution sale in a commercially reasonable manner pursuant to 28 U.S.C.
12 § 3203(g) and the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and you shall
13 distribute the sale proceeds pursuant to 28 U.S.C. § 3203(h) and the Federal Debt Collection Procedures
14 Act, 28 U.S.C. § 3001 et seq.
15       In performing the levy, you may use reasonable force to enter any property owned, occupied, or
16 controlled by the Debtor, including the Debtor's residence, and take possession of the Subject Property,
17 if you are unable to enter by contacting occupant Kasey Nipper, through her counsel, Brendan Hickey
18 with 48 hours notice.
19       You shall levy real property by entering the property and posting the writ and notice of levy in a
20 conspicuous place upon the property.
21       You shall file a copy of the notice of levy in the same manner in which a notice of tax lien would
22 be filed under paragraphs (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986. You
23 shall also serve a copy of the writ and notice of levy on the defendant against whom the writ was issued
24 and the person who has possession of the property subject to the writ in the same manner that a
25 summons is served in a civil action and make the return thereof, in accordance with 28 U.S.C.
26 §§ 3203(d)(1) and 3102(d).
27       You are authorized, at your discretion, to contract with a real estate or brokerage firm for the
28 listing, marketing, and sale of the Subject Property in order to maximize the sales proceeds. You are

further authorized to contract with vendors to appraise, auction, sell, store, or otherwise dispose of the personal property contents remaining upon the occupants' vacating the property, separately from the Subject Property if doing so will yield additional proceeds to satisfy the writ amount.

You shall conduct the sale of real property pursuant to 28 U.S.C. § 3203(g)(1)(A), which is set forth below in its entirety:

(A)   Sale of real property --

(i)   In general--

(I)   Except as provided in clause (ii), real property, or any interest therein, shall be sold, after the expiration of the 90-day period beginning on the date of levy under subsection (d), for cash at public auction at the courthouse of the county, parish, or city in which the greater part of the property is located or on the premises or some parcel thereof.

(II)   The court may order the sale of any real property after the expiration of the 30-day period beginning on the date of levy under subsection (d) if the court determines that such property is likely to perish, waste, be destroyed, or otherwise substantially depreciate in value during the 90-day period beginning on the date of levy.

(III)   The time and place of sale of real property, or any interest therein, under execution shall be advertised by the United States marshal, by publication of notice, once a week for at least 3 weeks prior to the sale, in at least one newspaper of general circulation in the county or parish where the property is located. The first publication shall appear not less than 25 days preceding the day of sale. The notice shall contain a statement of the authority by which the sale is to be made, the time of levy, the time and place of sale, and a brief description of the property to be sold, sufficient to identify the property (such as a street address for urban property and the survey identification and location for rural property), but it shall not be necessary for the notice to contain field notes. Such property shall be open for inspection and appraisal, subject to the judgment debtor's reasonable objections, for a reasonable period before the day of sale.

(IV)   The United States marshal shall serve written notice of public sale by personal delivery, or certified or registered mail, to each person whom the marshal has reasonable cause to believe, after a title search is conducted by the United States, has an interest in property under execution, including

lienholders, co-owners, and tenants, at least 25 days before the day of sale, to the last known address of each such person.

   (ii) Sale of city lots. If the real property consists of several lots, tracts, or parcels in a city or town, each lot, tract, or parcel shall be offered for sale separately, unless not susceptible to separate sale because of the character of improvements.

   (iii) Sale of rural property. If the real property is not located in a city or town, the judgment debtor may--

    (I) divide the property into lots of not less than 50 acres or in such greater or lesser amounts as ordered by the court;

    (II) furnish a survey of such prepared by a registered surveyor; and

    (III) designate the order in which those lots shall be sold.

  When a sufficient number of lots are sold to satisfy the amount of the execution and costs of sale, the marshal shall stop the sale.

  You shall also conduct the sale pursuant to the other applicable provisions of 28 U.S.C. § 3203 as well as the applicable provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq.

  You shall endorse, in the space provided below, the exact hour and date of receipt of this writ of execution. You shall make a written record of every levy, specify the property on which levy is made, the date on which levy is made, and your costs, expenses, and fees.

//
//
//
//
//
//
//
//
//

1    You shall further make a written return to the Court on each writ of execution stating concisely
2 what was done pursuant to the writ, and to deliver a copy thereof to the United States Attorney who
3 requested the writ.  The writ shall be returned not more than 90 days after the date of issuance if levy is
4 not made, or if levy is made, then the writ shall be returned not more than 10 days after the date of sale
5 of property on which levy is made.

7 ISSUED on the ___26th___ day of ___March___, 2021

8                                                                SUSAN Y. SOONG,
                                                                 Clerk of the U. S. District Court

11                                                   By: ___Jessie Mosley___
                                                                 Deputy Clerk

15 U.S. Marshal's Endorsement
16 (28 U.S.C. § 3203(d)(3)(A))

18 Date Writ Received: _____

20 Time Writ Received: _____

22 Signature of Authorized
   Deputy U.S. Marshal:        _____
23                                             (Signature)
24                                             _____
                                               (Type or print name)

WRIT OF EXECUTION
16-CR-0043 HSG                                              5